UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CRYSTAL WHITE,

     Plaintiff,                                              No. 3:18-cv-1676(VAB)(WIG)

        v.

WELLS FARGO BANK,

     Defendant.
_____X

## RECOMMENDED RULING OF DISMISSAL

     Plaintiff Crystal White, proceeding *pro se*, filed this action on September 25, 2018 against Wells Fargo Bank.  Now before the Court is Plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915.  [Doc. # 2].  For the reasons that follow, Plaintiff's motion is granted, and the Court recommends this matter be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

     Applications to proceed *in forma pauperis* require a two-step process of review by the district court.  *See Bey v. Syracuse Univ.*, 155 F.R.D. 413, 413 (N.D.N.Y. 1994).  First, the Court must determine whether the litigant qualifies to proceed *in forma pauperis* based upon economic status.  28 U.S.C. §1915.  Upon review of Plaintiff's financial affidavit, the motion to proceed *in forma pauperis* is granted.

     Second, the Court must determine whether the cause of action is frivolous, malicious, or without merit.  28 U.S.C. §1915(e)(2)(B).  This Court "*shall dismiss* the case at any time if the court determines that…the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from

such relief." *Id.* (emphasis added).  The term "frivolous" is not intended to be insulting or demeaning; it is a term of art that has a precise meaning.  A claim is said to be frivolous if it does not have an arguable basis in law or fact.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A court will find a claim frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  The Court, by using this term as required, does not intend to diminish what the plaintiff has experienced or its impact upon her.

When a plaintiff appears *pro se*, the complaint must be construed liberally in the plaintiff's favor and must be held to a less stringent standard than formal pleadings drafted by lawyers.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  It is well established that "[t]he power to dismiss *sua sponte* must be reserved for cases in which a *pro se* complaint is so frivolous that, construing the complaint under the liberal rules applicable to *pro se* complaints, it is unmistakably clear that the court lacks jurisdiction or that the claims are lacking in merit."  *Mendlow v. Seven Locks Facility*, 86 F. Supp. 2d 55, 57 (D. Conn. 2000).

Here, the complaint alleges that the defendant, which "claims to be a direct successor to" World Savings Bank, was involved in a "bait and switch" in 2005.  Specifically, Plaintiff claims that World Savings Bank solicited Wells Fargo Bank to refinance the loan on her condominium from a prior loan with a mortgage corporation.  Plaintiff alleges that the prior loan was not paid and that the defendant instead filed a false loan release.  She brings her claim (based on false advertising) pursuant to the Lanham Act.

Plaintiff's complaint must be dismissed for lack of standing.  "[T]o have standing for a [Lanham Act] false advertising claim, the plaintiff must be a competitor of the defendant and allege a competitive injury." *Telecom Int'l Am., Ltd. v. AT & T Corp.*, 280 F.3d 175, 197 (2d Cir. 2001).   Here, Plaintiff alleges that she, as a consumer, was injured by the conduct of the

defendant; she has not alleged that she is a competitor with a competitive injury.  Therefore, the complaint should be dismissed.  *See Savage v. Beiersdorf Inc.*, No. 13-CV-0696 DLI LB, 2013 WL 5532756, at *5 (E.D.N.Y. Sept. 30, 2013) (dismissing Lanham Act claim when it alleged "personal injury, instead of a competitor claiming competitive injury.").

     For the reasons set forth above, the Court recommends that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2).  Plaintiff should be granted leave to file an amended complaint.  This is a Recommended Ruling.  *See* Fed. R. Civ. P. 72(b)(1).  Any objection to this Recommended Ruling must be filed within 14 days after service.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to timely object will preclude appellate review.  *Impala v. United States Dep't of Justice*, 640 Fed.App'x 32, 32 (2d Cir. 2016).

     SO ORDERED, this  5th  day of December, 2018 at Bridgeport, Connecticut.

                    /s/ *William I. Garfinkel*
                    WILLIAM I. GARFINKEL
                    United States Magistrate Judge